(75 South. 413)

No. 20822.

PORCHE et al. v. BARROW.

(May 14, 1917.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ⬥⇒1194(1)—DECISION ON APPEAL—CONSTRUCTION.

A judgment ordering defendant to remove dirt dumped by him in C. street was affirmed, whereupon defendant applied for rehearing, claiming that plaintiffs were without cause of action to cause the removal of the earth except so far as it interfered with access to their lots fronting on the street, whereupon the court modified the judgment so as to restrict it to that portion of the street on which plaintiff's property fronted, between the streets bounding such property. *Held* that, when read in the light of the application for a rehearing and the evident intention of the court, the judgment included the portions of C. street opposite the intersecting streets on each side of the square in which plaintiffs' lots were situated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4650, 4656, 4660.]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Suit by George L. Porche and others against R. R. Barrow. From the judgment on a rule to show cause, plaintiffs appeal. Judgment amended.

Jos. C. Briant, of Houma, for appellants. Harris Gagne, of Houma, for appellee.

PROVOSTY, J. Back in the 30's the defendant's predecessors in title were granted for the purpose of digging a navigation canal a strip of land on the outskirts of the town of Houma, with the condition in the grant that a public highway should be allowed to the public along both sides of said canal.

In 1911 the defendant, in widening and deepening the canal along said strip of land, dumped the excavated earth on the east side highway, which in the meantime, by the spread of the town, had become Canal street. The plaintiffs, owners of lots fronting on this street, sued him to compel the removal of said obstruction, and the trial court rendered the following judgment:

"It is ordered, adjudged, and decreed that a mandatory injunction issue as prayed for by the plaintiffs, and that the defendant, R. R. Barrow, be, and he is hereby, ordered and commanded to remove within 60 days from the finality of this judgment all the dirt from the street or road on the east side of his canal, known as Canal street, in the town of Houma, between the bayous Black and Terrebonne, for a distance of 25 feet, measuring from the banquette on the said street, in the direction of said canal, and that he restore such portion of said street to the same condition as it was previous to the dumping of such dirt thereon by the dredgeboat. It is further ordered that in the event that the said R. R. Barrow should fail to comply with the above order that the sheriff of the parish of Terrebonne be, and he is hereby, directed to carry out the same at the said Barrow's expense."

An appeal was taken to this court, and the judgment was affirmed.

On application for a rehearing the defendant represented that the plaintiffs were without cause of action to cause the said earth embankment to be removed except in so far as it interfered with access to their lots fronting on said street; and this court, while refusing the rehearing, adopted that view, and accordingly modified the said judgment, as follows:

"The judgment appealed from is amended so as to restrict it in its terms to that portion of the street or road on the east side of defendant's canal known as Canal street, on which plaintiffs' property fronts, between the roads or streets which bound said pieces of property. As thus amended, the judgment is affirmed at the cost of defendant."

The plaintiffs then filed a motion in the trial court, alleging the rendering of said judgment, and alleging that it required the defendant to open up not only that part of Canal street in front of their lots, but also those parts opposite the intersecting streets on each side of the square in which their lots are situated, and asking that defendant be ordered to show cause why he should not remove all the dirt dumped by him upon said street, including the parts of said street opposite the said side streets.

On this rule the trial court rendered the following judgment:

"It is ordered, adjudged, and decreed that said rule be made absolute, and accordingly that Arthur W. Connely, sheriff of this parish, be, and he is hereby, ordered to remove, at the expense of the defendant, R. R. Barrow, all the dirt dumped on the street or road on the east side of his canal known as Canal street, in the city of Houma, between the roads or streets which bound plaintiffs' properties on said Canal street, for a distance of 25 feet west of the banquette, and to restore the same to the condition it was in previous to the dumping of said dirt thereon."

Plaintiffs appeal from this judgment, complaining that it does not require defendant to open up the said side streets, although this opening is essential in order to re-establish the accessibility to their said properties as it stood before.

While the said judgment of this court as modified on application for rehearing would not include the side streets if read literally, yet, when read in the light of the application for a rehearing and in the light of what was the evident intention of the court to express, it does include them.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to read as follows:

It is ordered, adjudged, and decreed that said rule be made absolute, and accordingly that Arthur W. Connely, sheriff of the parish of Terrebonne, be, and he is hereby, ordered to remove all the dirt dumped by the defendant, R. R. Barrow, on the street or road known as Canal street, in the city of Houma, along the front of the square in which the properties of the plaintiffs in this case are situated to a distance of 25 feet from the banquette, and also along the parts of said Canal street which are opposite the streets which bound the said square on each side, so as to restore the said Canal street as near as possible to the condition in which it was before said dirt was dumped upon it, along the parts from which the said dirt is by this judgment ordered to be removed, all at the expense of the said defendant, R. R. Barrow, and that the defendant pay the costs of this rule and appeal.